case number 23-5091. Abram J. Harris, appellant versus U.S. Department of Transportation FMCSA and United States of America. Mr. Harris for the appellant, Ms. Lyons for the appellees, Mr. Buellert, amicus curiae. Right. Mr. Harris, if you'll come up to the podium. Good morning. If it may please the court, I am Abram J. Harris, the plaintiff and the appellant. I am not a lawyer, so please excuse me if my presentation doesn't measure up to that bar. The basic facts in this case are not disputed. My case was filed in D.C. Superior Court. It was dismissed. A judgment dismissal entered and I filed an appeal to the District of Columbia Court of Appeals. The government then filed a notice of removal in the district court independently. Enter the judgment of dismissal after it was made an assessment of the merits. Although I'm not a lawyer, I do understand that Moore's federal practice is considered a standard reference work on the federal court's procedure. It's written by lawyers, judges, and professors who write and amend the federal rules. So I think that when Moore's federal practice says something, we should listen. And what does Moore say with the respect to the matter at hand? Absent a specific rule statute, removal statute, such as governing the FDIC, quote, the better rule is that removal to an appellate court is improper unless the removal statute otherwise provides. This approach comports with the general rule that the removal statute be strictly construed. Unquote. Neither end. Quote, I would like, I would like, I would, it would seem obvious, the Ninth Circuit has said that, that to remove an action in the federal court from the state court, it would first be pending in the state court. Unquote. Case Restruta versus Adams in the Ninth Circuit. The state civil action is still pending and thus removable. As long as the parties are still actively contesting the case in the state court system, the case has not achieved a final resolution. Case Yemen versus J. P. Morgan Company in the Ninth Circuit. I'm sorry. In the Seventh Circuit, that depends on the state or, in this case, District Columbia law. Under District Columbia law, a judgment or order is final when it is, when it, quote, terminates the action in the Superior Court. Case cited, Frost versus People's Drugs Store in D. C. Circuit overruled on on other grounds by Relinsky versus Lewis. C. Ford's versus Chart One in the D. C. Circuit. That is this case here. Once, once a case is dismissed in Superior Court, there is nothing pending in the court to remove. As a matter of logic or common sense, the district court had nothing, the district court had nothing to remove. As a matter, the district court had nothing to dismiss. The, the government removed a dismissal case. Apelli and Amicus involves a special removal statute. In addition, these decisions recognize, at least indicta, that it is, that it is not clear whether the general removal statute permits Apelliant's removal. Muirland Company in the Fifth District, in the Fifth Circuit. Finally, what could a removal do in this case? The case was dismissed in the District of Columbus Superior Court, again, under the decision cited by the Apelli. All the district court could do was enter to the Superior Court ruling as a final judgment and presumably hear the appeal in this court. That is, however, is not what the district court did. It reached its merits, which it could not do without violating the faith in the credit. Thus, even if the Apelliant's positions were adopted, which appears to be supported by no precedence whatsoever, and contrary to the authority on the issue mentioned in Moores, the district court's decision cannot stand. I yield back. Just a couple of questions. You still pursued your case with the district court, even though you had the case pending in state court, even though you believe that should not have been with district court. Well, I didn't file it in district court, and it was dismissed in state court first on July 22nd, 2022. On July 25th, 2022, I filed an appeal and District of Columbia Appeals Court. On August the 8th, Honorable Rigsby sent it to mediation, voluntary mediation. On August the 11th, Apelli filed for a removal. It was already dismissed in Superior Court. However, that was 31 days, which Apelli was already time barred anyway from filing a removal. Thank you. All right. You have two minutes remaining, so you can use that if you want to in reply to either the amicus or to the government. But now we'll hear from the government. Okay, I'll use my two minutes additional, my two minutes left. All right now. Okay. The amicus It's impossible for the amicus to have judged this on the merits. For one, the amicus never cited Moore's federal rule, federal practice. The merits should have been cited as if the case was actually still pending in state court, but it was dismissed already. Because the amicus never brought up more than the merits. It's an unbalanced opinion on the merits because it was 30. It was time barred. It was already dismissed in Superior Court. The District of Columbia Court of Appeals had already got the appeal and had already made a ruling, which their ruling was. They sent it to mediation. So two things took place. It was it was time barred and District Court of Columbia Court of Appeals made a ruling. So now the government makes it seem as if the case was pending in state court. That's not true. It was dismissed in state court. Honorable Rigsby, she didn't have the jurisdiction. So I had to further on. I had to go further and to the District Court. She didn't have the jurisdiction to remove it from District Court at that time. All right. Your time is up. Thank you. Good morning. Good morning and may it please the court. Jane Lyons from the U.S. Attorney's Office and I'm here on behalf of the United States. Regarding the court's question from the briefing order government and amicus agree that the federal removal statute authorizes removal from the District of Columbia Court of Appeals. The reading urged by Mr. Harris in his briefs and again this morning is contrary to the plain meaning and purpose of section 1442 and the court need not address any other issues in order to affirm the judgment below. I'm happy to answer any questions the court may have. Thank you. Thank you. We'll hear from amicus. Mr. Beard. Good morning. May it please the court. My name is Jeff Beard. I was seeing that you don't have many questions. I don't know that there's much for me to discuss. The reason why I didn't cite more in my brief is because it was talking about removal to an appellate court here. The removal was to the District Court and I think Judge Childs you already hit on an important issue, which is when Mr. Harris ended up in the federal District Court. He had every opportunity to seek remand back to either the Court of Appeals or the Superior Court of that's really where he thought he belonged. So the fact that he actually did litigate his case, filed an amended complaint, continued to be in federal court. I think he waived any argument that he would have had to get the case remanded. So I think that we've staked out our positions in the briefs and unless the court has any questions. Thank you. Thank you.
judges: Henderson; Childs; Ginsburg